IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL BEECHER,
    Plaintiff,

vs.                                  Case No. 3:08cv416/MCR/EMT

SERGEANT S.H. JONES and
LT. A. WILLIAMS,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

In this action filed pursuant to 42 U.S.C. § 1983 Plaintiff, a prisoner, proceeds pro se and in forma pauperis (*see* Doc. 4). The matter is now before the court on Defendant A. Williams' motion to dismiss (Doc. 52), to which Plaintiff has responded in opposition (Doc. 56). Plaintiff has also filed a motion for injunctive relief (Doc. 43). For the reasons stated below, the court recommends that Defendant Williams' motion be granted, Plaintiff's motion for injunctive relief be denied, and this action be dismissed.

The events at issue in this case occurred at Santa Rosa Correctional Institution ("SRCI"), where Plaintiff is housed and Defendant Williams works as an employee of the Florida Department of Corrections ("DOC").[1] As the allegations of the second amended complaint are fairly brief, the relevant portions of the Statement of Facts section are recited here, almost in their entirety and essentially with no alteration:

> 1. On December 7, 2007 C.O. Ellis[2] stripped me of all but boxers and wrote an untruthful disciplinary report to carry out a threat he made on me not to go to medical w[h]ich I did earlier that morning. While I was on this three day strip Sgt.

---

[1] Summons for the second Defendant named in the second amended complaint, Sgt. S.H. Jones, was returned unexecuted (*see* Doc. 49). In light of the court's conclusion that this action should be dismissed, service on Defendant Jones need not be effected.

[2] C.O. Ellis is not named as a Defendant in the second amended complaint.

>    S.H. Jones came to cell G2204 where I was housed and told me he would gas me if I went back to medical again. This was the first threat I grieved . . . .
>
>    2. On December 18, 2007 . . . I was reprisaled of the same threat. I called the camera as a witness. I sent two informal grievances, one of the first threat and one of the reprisal. I did not rec[ei]ve a response within ten days so I sent two formals with time's and date's and asking for the camera's as witnesses of him standing in front of cell G2204 threatening me.
>
>    3. The Formal Grievances are stamp dated January 14, 2008 and January 15, 2008. While the grievances were still in the grievance coordinator's office on the morning of 1/15/2008 upon return from said medical visit Sgt. Jones came to my cell stating "didn't I tell you I was gonna gas you if you went back to medical" e[tc].
>
>    4. Sgt. S.H. Jones brought Lt. A Williams to the cell and when I told Lt. Williams that I had grievances being processed of Jones['] threats and he was using him for retaliation on me Lt. Williams laughed, looked at Sgt. Jones and said "that doesn't sound like no Sgt. Jones I know[.]" Then Lt. Williams proceeded to gas me. He simply participated in carrying out Sgt. Jones evil motive and intent even though I told him what was going on . . . .
>
>    5. I need exhibits A, B, C, and D from my original 1983 in this motion also.
>
>    6. I need the cameras in G-2 as a witness that on the morning of 1/15/2008 I was escorted to and from medical [. . . .]

(Doc. 18 at 5–6).

In the Statement of Claims section of the second amended complaint Plaintiff states that Defendant Williams "violated the 8th Amendment by assault and failure to protect" and that Defendant Jones "violated the 8th Amendment by threatening to assault me if I went to medical then having the assault carried out when I did go to medical" (Doc. 18 at 7). As relief for the alleged violations of his Eighth Amendment rights, Plaintiff evidently seeks $50,000.00 in compensatory and/or punitive damages from each Defendant "for the pain and suffering I went through" (*id.*).

Defendant Williams first moves for dismissal on the ground that Plaintiff's claims are barred by the doctrine of <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Defendant Williams' argument is that Plaintiff was convicted in a disciplinary proceeding for creating a minor disturbance on January 15, 2008, a conviction which to date has not been overturned, but that now, through this civil rights action, Plaintiff effectively and improperly seeks


to challenge. Defendant Williams additionally argues that, under 42 U.S.C. § 1997e(e), Plaintiff cannot recover compensatory or punitive damages absent a showing of physical injury, which Plaintiff has failed to allege. In his response in opposition to Defendant Williams' motion, Plaintiff asserts that this case "involves the violation of the Eight[h] Amendment assault and failure to protect by A. Williams. It does not involve . . . overturning a D. R. [disciplinary report] although the D. R. was completely fabricated . . . ." (Doc. 56 at 1). Pointing to the Statement of Claims section of his amended complaint, Plaintiff asserts that the second amended complaint "states clearly . . . A. Williams violated the Eighth Amendment by assault and failure to protect, that is the claim stated against A. Williams" (*id.*). Plaintiff does not address Defendant Williams' argument that this action should be dismissed for the failure to allege physical injury, as required by 42 U.S.C. § 1997e(e).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim to relief under § 1915(e)(2)(B)(ii) are considered under the same standard that governs dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to plaintiff. Davis v. Monroe County Bd. of Ed., 120 F.3d 1390, 1393 (11th Cir. 1997). The pleadings of a plaintiff who proceeds pro se, such as Plaintiff in this case, are held to a less stringent standard than is applied to pleadings prepared by an attorney, and they must be construed liberally. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561–63, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the often-criticized "no set of facts" language previously used to

describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).

The court addresses a preliminary matter before turning to the merits of Defendant Williams' motion. Defendant Williams attaches several exhibits to his motion, among them the January 15, 2008, disciplinary report ("DR") charging Plaintiff with the violation of Fla. Admin. Code r. 33-601.314 (creating, participating in or inciting a minor disturbance) (*see* Doc. 52-1, Exh. A). Another exhibit provided by Defendant Williams is the disciplinary hearing team's January 31, 2008, decision in which it found Plaintiff guilty of the charged offense and imposed thirty days disciplinary confinement and forty days lost gain time (*see id.* at Exh. C). Defendant Williams attaches other documents to his motion, including a list of disciplinary actions that have been taken against Plaintiff and the amount of gain time he lost. In his response, Plaintiff objects to the use of this last exhibit, as prejudicial and irrelevant (Doc. 56 at 2). In ruling on Defendant Williams' motion to dismiss, the court may, and does, consider the DR and the hearing team's decision.[3] Plaintiff submitted both of these documents with his initial complaint, identifying them as part of Exhibit D (*see* Doc. 1 at 20, 21). The court is not required to disregard documents that Plaintiff himself filed with his original complaint. *See* Gross v. White, 340 Fed. App'x 527, 534 (11th Cir. 2009), citing Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (stating that court may consider "the pleadings and exhibits attached thereto" when ruling on a motion to dismiss)). In examining such exhibits, this court therefore does not consider any materials outside the pleadings. *Id.*

Plaintiff's January 15, 2008, disciplinary report, which was issued by Defendant Jones, states:

> Inmate Beecher, Michael DC #127930 is being charged with a violation of FAC Chapter 33-601.314 Rules of Prohibited Conduct (2-3) Creating a Minor Disturbance. On January 15, 2008 I was assigned to G Dormitory as close management housing sergeant. At approximately 9:50AM I was present in wing two of the dormitory. I heard a loud noise coming from cell G2204, I approached cell G2204 where inmate Beecher, Michael is housed alone. I observed Beecher yelling into the wing and kicking the cell door and making threats to flood the cell. I

---

[3] The list of disciplinary actions is not relevant to the court's review and has not been considered.

> counseled with inmate Beecher about his disruptive behavior. Chemical agents had to be used to quell the disturbance inmate Beecher was creating. The dorm supervisor authorized this report. Inmate Beecher will remain in his current status pending disciplinary team action.

(*see* Doc. 1 at 20, Exh. D).

The disciplinary team found Plaintiff guilty of the charge, stating that its decision was:

> Based in part on officer's statement and results of the investigation that the inmate was yelling into the wing of the dorm and kicking his cell door until chemical agents had to be used. All witness statements were read and considered. Memo from mental health as to the inmate's status during the incident and for hearing was reviewed and attached. Inmate requested prior form grievances as evidence but these were deemed irrelevant to the charge. He was reminded that he has 15 days to appeal the team's finding, which he will receive a copy of by the next day.

(*see id.* at 21, Exh. D).

The court first considers Defendant Williams' argument that Plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In Heck, the Supreme Court reaffirmed its statement in Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Regardless of the label a plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam). Under the Heck doctrine, an action under § 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 2372; *see also* Harden v. Pataki, 320 F.3d 1289, 1294 (11th Cir. 2003). Absent such an invalidation, the § 1983 suit must be dismissed. Heck, 512 U.S. at 487. The Supreme Court has extended Heck, explicitly making it applicable to claims surrounding prison disciplinary hearings. *See* Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L. Ed. 2d 906 (1997) (indicating that a claim attacking only procedure, not result, of a prison disciplinary hearing may still fail to be cognizable under § 1983 unless prisoner can show that the conviction or sentence has been previously

invalidated). More recently, in Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 161 L. Ed. 2d 253 (2005), the Supreme Court reiterated that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82.

      In assessing whether a § 1983 claim is barred by Heck, the court must consider whether the plaintiff's factual allegations, if proven, would necessarily undermine the validity of his conviction. *See* Balisok, 520 U.S. at 646–48. *See also* Dyer v. Lee, 488 F.3d 876, 881–82 (11th Cir. 2007) (finding no Heck bar precluding plaintiff who had been convicted of resisting arrest from bringing § 1983 claim for excessive force by police); Christy v. Sheriff of Palm Beach County, Fla., 288 F. App'x 658, 666 (11th Cir. 2008) (affirming Heck dismissal because factual contentions for plaintiff's §1983 claims concerning allegedly unlawful contingency fee agreement between sheriff and confidential informant, if proven, would demonstrate plaintiff was either factually innocent of drug charges or entrapped, either of which circumstances would imply the invalidity of his conviction); Baxter v. Crawford, 233 F. App'x 912, 916 (11th Cir. 2007) (affirming Heck dismissal because claims related to conduct for which plaintiff was convicted, and the factual basis for claims directly impugned conviction on specific count); Hughes v. Lott, 350 F.3d 1157, 1160–61 (11th Cir. 2003) (allowing a plaintiff convicted of burglary to bring a § 1983 claim for a Fourth Amendment search and seizure violation in the face of Heck challenge); Willingham v. Loughnan, 261 F.3d 1178, 1183 (11th Cir. 2001) ("[A] finding of excessive force by the jury in this civil case does not necessarily call into question the validity of [the] section 1983 Plaintiff's criminal conviction [for attempted murder and battery of an officer]."), *cert. granted and vacated on other grounds*, 537 U.S. 801, 123 S.Ct. 68, 154 L.Ed.2d 2 (2002)); and Harvey v. Teal, 2010 WL 427434 (N.D. Fla. 2010) (dismissing prisoner's § 1983 claim for excessive force under Heck because asserted factual basis of claim was inconsistent with valid disciplinary conviction for aggravated battery on correctional officer).

      Here, the court concludes that Plaintiff has not "voluntarily steered [his case] into Heck territory by making specific factual allegations in the complaint that [are] inconsistent with the facts"

upon which his disciplinary conviction for creating a minor disturbance are based. *See* Hayward v. Kile, 2009 WL 2045923, at *1 (S.D. Ga. July 13, 2009). Rather, the sparse allegations in Plaintiff's second amended complaint make no reference to the DR he received on January 15, 2008; the facts that underlay the issuance of the DR (specifically, that Plaintiff was yelling into the wing, kicking the cell door, and making threats to flood the cell and that a chemical agent was required to quell the resulting disturbance); or the disciplinary hearing team's findings accepting those facts as a basis for convicting Plaintiff of the infraction. If Plaintiff had denied these facts, presenting a wholly inconsistent version of the events of January 15, 2008, the court might be more amenable to accepting Defendant Williams' argument that Plaintiff's § 1983 claim should be barred by Heck. Plaintiff did not, however, make such allegations. To the contrary, the second amended complaint is silent on these matters, and the response simply contends that the DR was "completely fabricated" (Doc. 56 at 1). Moreover, even if the court accepts the additional facts concerning Plaintiff's conduct on January 15, 2008, as presented in the exhibits attached to the initial complaint, the court concludes that these facts would not necessarily preclude Plaintiff from asserting a claim of excessive force. In Dyer, the Eleventh Circuit held that "as long as it is *possible* that a § 1983 suit would not negate the underlying conviction, then the suit is not Heck-barred." Dyer, 488 F.3d at 879–80 (emphasis added). That is, if even following a successful § 1983 suit "there would still exist a construction of the facts that would allow the underlying conviction to stand" the § 1983 suit may proceed. *Id.* at 880. Despite the dearth of facts presented in the second amended complaint, that appears to be the case here. For example, Plaintiff could have committed all of the acts set forth in the DR and hearing team decision, yet the manner in which the chemical agent was applied, the duration of its application, etc., could still constitute the use of excessive force. In short, the "logical necessity" that is at the heart of the Heck opinion is not clearly present here: a successful § 1983 suit by Plaintiff for the use of excessive force through the application of a chemical agent would not "*necessarily* imply the invalidity of his conviction" for creating a minor disturbance. Heck, 512 U.S. at 487 (emphasis added). Thus the court does not agree that, even assuming no other bar existed, the Heck doctrine should preclude Plaintiff's excessive force claim.

Next, the court considers Defendant Williams' argument that this action should be dismissed pursuant to 42 U.S.C. § 1997e(e). In an action pursuant to 42 U.S.C. § 1983, a plaintiff may recover

damages for monetary loss, physical pain and suffering, mental and emotional distress, impairment of reputation, and personal humiliation. Slicker v. Jackson, 215 F.3d 1225, 1231 (11th Cir. 2000). Under 42 U.S.C. § 1997e(e), however, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Section 1997e(e) does not define physical injury, but the Eleventh Circuit has concluded that in order to satisfy the statute "the physical injury must be more than de minimis, but need not be significant." Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999), *vacated, in part, on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc). Even though § 1997e(e) bars damages for mental or emotional injury, it does not affect the availability of declaratory or injunctive relief. *See id.* at 1288. Nor does § 1997e(e) preclude a prisoner from seeking nominal damages. Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007). "Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." Hughes, 350 F.3d at 1162.

In this case, in the second amended complaint Plaintiff vaguely seeks monetary compensation for "pain and suffering," i.e., mental and emotional injury. He alleges no physical injury at all, however, much less injury that is more than de minimis, as a result of the January 15, 2008, chemical agent application. Thus Plaintiff's claims for compensatory and punitive damages against Defendant Williams, as well as the unserved Defendant Jones, are barred. Furthermore, even if Plaintiff's allegations in the second amended complaint are read liberally, as they must be, *see* Boxer X, 437 F.3d at 1110, Plaintiff does not seek declaratory or injunctive relief or nominal damages for his claims of Eighth Amendment violations.[4] The court therefore is satisfied that this case cannot proceed in light of 42 U.S.C. § 1997e(e)'s "prior showing of physical injury" requirement. Thus the court recommends that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this action be dismissed without prejudice for the failure to state a claim on which relief may be granted. *See* Quinlan v. Personal Transport Services Co., 329 Fed. App'x 246 (11th Cir. 2009) (affirming *sua*

---

[4] Plaintiff suggests that the impetus for the use of excessive force against him was "retaliation" for his repeated visits to the medical department, despite warnings from C.O. Ellis and Defendant Jones not to do so. Plaintiff makes no explicit First Amendment claim for retaliation. Even if he did, however, the court would reach the same conclusion: Plaintiff has failed to allege any physical injury, thereby precluding any recovery for compensatory or punitive damages under 42 U.S.C. § 1997e(e).

Case No. 3:08cv416/MCR/EMT

*sponte* dismissal without prejudice of § 1983 action pursuant to § 1915(e)(2)(B)(ii)—plaintiff's claims were barred under § 1997e(e) since he failed to allege physical injury; there also was no error in failing to give plaintiff an opportunity to amend as dismissal was without prejudice).[5]

As to Plaintiff's pending motion for preliminary injunction (Doc. 43), the relief sought is for transfer to another facility based on Plaintiff's fear of retaliation from C. O. Ellis, who Plaintiff states has recently returned to the SRCI housing unit to which Plaintiff is assigned. In light of the instant conclusion that Plaintiff cannot prevail on the merits of his claim, the court additionally recommends that Plaintiff's motion for preliminary injunction be denied. *See* CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001). Should the district court adopt this Report, the motion may also be denied as moot.

Accordingly, it respectfully **RECOMMENDED**:

1. That Defendant A. Williams' motion to dismiss (Doc. 52) be **GRANTED**, for the reasons set forth above.

2. Plaintiff's motion for injunctive relief (Doc. 43) be **DENIED**.

3. That this action be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

4. That judgment be entered accordingly and this case be **CLOSED.**

**DONE AND ORDERED** this 29th day of October 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Plaintiff has already been afforded several opportunities to amend his complaint in this action (*see* Docs. 8, 15), including having been instructed about the injury requirement of § 1997e(e) (Doc. 15 at 6–7); he also had an opportunity to address the issue in his response to Defendant's motion to dismiss but failed to do so. Dismissal of the action at this time without providing any additional opportunity to amend therefore is warranted.

As a final matter, the court notes that Defendant Williams requests a strike be imposed under § 1915(e)(2)(B) and that Plaintiff be sanctioned under Fla. Stat. § 944.279. A strike is appropriate under § 1915(e)(2)(B)(ii) for Plaintiff's failure to state a claim for relief. No sanction under § 944.279 (providing for disciplinary procedures applicable to prisoners who file frivolous or malicious actions), however, is justified in this case as it is neither frivolous nor malicious.

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).